UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PARIS DEMETRIUS EVANS,

        Plaintiff,

v.                                Case No. 3:24-cv-547-BJD-SJH

SHANELL M. SCHUYLER, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Paris Demetrius Evans, an inmate of the Florida penal system who is proceeding as a pauper, initiated this action by filing a *pro se* Complaint for Violation of Civil Rights (Doc. 1; Complaint). In the Complaint, Plaintiff names as Defendants: (1) Shanell M. Schuyler, Director of Intake, the Florida Bar, in her individual capacity; (2) Diane Suhm,[1] Director of Intake, the Florida Bar, in her individual capacity; (3) Kenneth Sumpter, Inspector General, Florida Department of Corrections (FDC), in his individual capacity; (4) Detective Marc Jordanides, Osceola County, Florida, in his individual capacity; and (5) Detective Jay Draisin, Orange County, Florida, Sheriff's

---

[1] It appears that Ms. Suhm's first name was spelled correctly in Plaintiff's First Request for Production of Documents (Doc. 8).

Office/Police Department Dispatch, in their individual and official capacities. *Id.*[2]

The Complaint includes various claims of purported violations of Plaintiff's right to defend his life, liberty, and property; right to be free from slavery; right to counsel; right to equal protection and treatment; right to due process; right to privacy; right to access to the courts; right to bond; right to trial by jury; and right to religious freedom, among others. *Id.* at 3–4. The events giving rise to these claims allegedly occurred between August 4, 2010 and April 23, 2024. *Id.* at 4–5.

While each Defendant's involvement is unclear, Plaintiff seems to allege that during the period of 2010 through 2012, he was arrested without probable cause and without a warrant, he was illegally detained, and he was kidnapped when he was transferred from Madison Correctional Institution to Hamilton County Jail and Orange County Jail, and then back to FDC. *Id.* Plaintiff claims that after he discovered that "the case and transactions arose from fraud, fraudulent concealment and scheme to defraud the court," he contacted the Florida Bar, but it intentionally closed his complaint. *Id.* at 4. Plaintiff

---

[2] Although the Complaint purports to bring claims under both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), no federal officials are named in the Complaint and, therefore, *Bivens* is inapplicable.

also alleges, without identifying any dates or Defendants, that during his detention and incarceration, he has been water-boarded, assaulted with a firearm, stabbed, injured multiple times, starved, has received death threats, and has suffered from anxiety, depression, and other mental injuries. *Id*. at 5, 7–8. Plaintiff asks for $20 million in damages, for his immediate release from custody, and for criminal charges to be brought against Defendants. *Id*. at 5.[3]

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss an action at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," section 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), and, therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

---

[3] After he filed his Complaint, Plaintiff also filed his declaration and accompanying exhibits, purporting to explain the events referenced in his pleading. *See* Doc. 6.

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). All reasonable inferences should be drawn in plaintiff's favor. *See Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). While "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations, alteration, and citation omitted).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

Further, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" *Rehberger v. Henry Cnty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678, 680.

A complaint that fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citations omitted). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "[F]rivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Bilal*, 251 F.3d at 1349 (quoting *Neitzke*, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff "has little or no chance of success." *Id.* (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

In assessing the Complaint, the Court must read Plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam). However, the duty of a court to construe *pro se* pleadings liberally does not require the court to serve as an attorney for the plaintiff. *Freeman v. Sec'y, Dept. of Corrs.*, 679 F. App'x 982, 982 (11th Cir. 2017) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015); *Bingham*, 654 F.3d at 1175 (citation omitted); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a section 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); *Porter v. White*, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Pursuant to this Court's screening obligation, Plaintiff's Complaint must be dismissed. First, construing the allegations liberally, the Complaint fails to

state a claim to relief that is plausible on its face and fails to comply with the pleading standards of Federal Rule of Civil Procedure 8(a) and (d).  By failing to "separate each cause of action or claim for relief into a different count" and by failing to identify the claims asserted against each Defendant, the Complaint does not give Defendants adequate notice of the claims asserted against them.  *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021).  Moreover, Plaintiff's factual allegations are not "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  Rather, they are rambling, conclusory, and even incomprehensible at times.  The Court is left to speculate what claims Plaintiff purports to bring against which particular Defendants, and whether those claims can even be redressed by this Court.

It appears that Plaintiff attempts to bring unrelated claims based on events that allegedly occurred between August 4, 2010 and April 23, 2024. However, Plaintiff may not join in a single action unrelated claims and various Defendants, unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). To the extent Plaintiff raises claims based on constitutional violations that occurred more than four years ago, such claims must be dismissed as time

barred.[4] *See Majette v. O'Connor*, 811 F.2d 1416, 1419 (11th Cir. 1987) (per curiam) (stating that "the most appropriate statute of limitations for all section 1983 actions is the personal injury statute of limitations of the state whose law is to be applied"); Fla. Stat. § 95.11(3) (providing that the statute of limitations for personal injury cases in Florida is four years). Further, to the extent any remaining claims have little or no chance of success, they must also be dismissed as frivolous.[5] *Neitzke*, 490 U.S. at 327; *Bilal*, 251 F.3d at 1349. Therefore, Plaintiff's claims will be dismissed for failure to state a claim on which relief may be granted, for being frivolous, and for being time-barred.

Accordingly, it is **ORDERED**:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. The **Clerk** is directed to enter judgment dismissing the case without prejudice, to terminate any pending motions, and to close the file.

---

[4] Plaintiff's complaint in Case No. 6:24-cv-1153-PGB-DCI, which was based on similar allegations, was recently dismissed as time barred. *See Evans v. McCann*, No. 6:24-cv-1153-PGB-DCI, Doc. 5 (M.D. Fla. July 8, 2024).

[5] Plaintiff's third amended complaint in Case No. 6:24-cv-1370-GAP-RMN, which included similar allegations against different defendants, was recently dismissed as frivolous and for failure to state a claim upon which relief may be granted. *See Evans v. Leblanc*, Case No. 6:24-cv-1370-GAP-RMN, Doc. 21 (M.D. Fla. July 26, 2024).

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of October, 2024.

                                                BRIAN J. DAVIS
                                   United States District Judge

JAX-11 9/30
c:
Paris Demetrius Evans, #X69090